

**SO ORDERED.**

**SIGNED this 27 day of February, 2013.**

_Stephani A. Humrickhouse_
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **BRIER CREEK CORPORATE CENTER ASSOCIATES LIMITED PARTNERSHIP, et al.** | **12-01855-8-SWH** |
| **DEBTOR** | |

| | |
|---|---|
| **BRIER CREEK CORPORATE CENTER ASSOCIATES LIMITED PARTNERSHIP, AAC RETAIL PROPERTY DEVELOPMENT AND ACQUISITION FUND, LLC, BRIER CREEK OFFICE #4, LLC, BRIER CREEK OFFICE #6, LLC, CARY CREEK LIMITED PARTNERSHIP, SERVICE RETAIL AT BRIER CREEK, LLC, SERVICE RETAIL AT WHITEHALL II LIMITED PARTNERSHIP, SHOPTON RIDGE BUSINESS PARK LIMITED PARTNERSHIP, SHOPTON RIDGE 30-C, LLC, WHITEHALL CORPORATE CENTER #5, LLC, WHITEHALL CORPORATE CENTER #6, LLC, AMERICAN ASSET CORPORATION COMPANIES, LTD., WHITEHALL CORPORATE CENTER #4, LLC** | **ADVERSARY PROCEEDING NO.**<br><br>**12-00121-8-SWH-AP** |

**Plaintiffs**

**v.**

**BANK OF AMERICA, N.A.**

**Defendant.**

**ORDER SUPPLEMENTING COURT'S PRIOR ORDER OF FEBRUARY 8, 2013**

Pending before the court is the motion to clarify the court's order of February 8, 2013, filed by Bank of America, N.A. (hereinafter, "BOA"). In that order, the court denied BOA's motion to abstain and resolved BOA's motion to compel arbitration by denying the motion with respect to two of the debtor/plaintiffs' claims that the court determined to be constitutionally core, and allowing the motion with respect to certain other claims that the court determined to be non-core and within the arbitration provisions of the parties' agreements. BOA now seeks clarification that: 1) Claim 15 may be submitted to arbitration; and 2) BOA's counterclaims against the non-debtor parties (counterclaim Counts XI-XXI)[1] may be submitted to arbitration.

**I.      Claim 15**

BOA points out in its motion seeking clarification that the court's order identified debtor/plaintiffs' Claim 15 (for constructive fraud) as being one of the claims as to which the extent to which the claim could be arbitrated was disputed, but did not specifically discuss or specify the ultimate disposition of that claim. The discussion of Claim 15 was inadvertently displaced by the discussion of Claim 13, as to which there was no disagreement. The debtor/plaintiffs, in response to BOA's motion and based on the order of February 8, 2013, concede that Claim 15 can be referred to arbitration.

---

[1] In its motion, BOA refers to counterclaims XII-XXI, but the debtors suggest and the court agrees that BOA intends to encompass all of its counterclaims against the guarantors: Counterclaims 11 through 21, not Counterclaims 12 through 21. For ease of reference, the court will identify the claims using standard numbers rather than the Roman numerals set out in BOA's original answer and counterclaims.

Accordingly, the debtor/plaintiffs' Claim 15, which alleges constructive fraud on the part of BOA in connection with the swap agreements and BOA's course of conduct in its dealings with plaintiffs, will be referred to arbitration.  The motion to compel is allowed as to that claim.

## II.    BOA Counterclaims (Eleven through Twenty) Against Non-Debtor Plaintiffs

BOA seeks to establish that all of its counterclaims against the non-debtor guarantors who are plaintiffs in the adversary proceeding[2] should be included among the claims directed to arbitration, in accord with the rationale set out in the court's order of February 8, 2013.  These BOA counterclaims are significant, yet fell entirely by the wayside in that they were not discussed in the February 8 order and were well outside the limelight during oral arguments and the parties' briefings.  They were asserted by BOA against those of the debtors' guarantors[3] that are not among the Arbitration Respondents in the arbitration proceeding initiated by BOA on December 7, 2012, which  was stayed by order of this court entered on January 14, 2013.

The debtor/plaintiffs contend that the counterclaims are not subject to compelled arbitration, primarily for the reasons it set forth in support of staying arbitration proceedings against the Arbitration Respondents, because "the same factors which justified staying the arbitration . . . apply with equal force to stay the arbitration of BofA's counterclaims XI-XX."   Debtor/Plaintiffs' Objection to BOA's Ex Parte Motion for Clarification of Order at p. 5.

---

[2] The Arbitration Respondents are non-debtor guarantors who are *not* plaintiffs in this adversary proceeding.

[3] Except, Counterclaim 14 also is asserted against AAC Retail, and Counterclaim 21 also is asserted against CCLP.  CCLP filed a petition under chapter 11 on January 3, 2013, and that case was consolidated with these cases by order dated January 10, 2013.

The court concludes that BOA's Counterclaims 11 - 20[4] require the same analysis and disposition given to the debtor/plaintiffs' claims 3, 5, 8 and 9 in the order of February 8, 2013. Counterclaims 11 - 20, like those claims, arose prior to the bankruptcy proceedings and do not satisfy the first prong of <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (2011).  These counterclaims, like those claims, are closely related to the factual and legal issues that arose in the two constitutionally core claims (debtor/plaintiffs' Claims 1 and 2) retained by the court; however, because resolution of Counterclaims 11 - 20 is not necessary to the court's allowance or disallowance of BOA's claims, the counterclaims are not constitutionally core.  These counterclaims may affect the ultimate amount that may be owed to or by the debtor/plaintiffs and BOA, but they do not affect this court's determination of *the amount of BOA's claims*, and that is the dispositive question.

In sum, the points the debtor/plaintiffs make with regard to the intricate relationship between the debtors and the guarantors who must defend against these counterclaims are both valid and persuasive, but they do not directly relate to the immediate question of whether the court should grant or deny a motion to compel arbitration.  These points are instead more relevant to the question of whether there are grounds on which to stay arbitration as to this group of guarantor defendants,

---

[4] In the interest of thoroughness, Counterclaims 11-20 are set forth in BOA's answer and counterclaims as follows:

Count XI - Breach of Contract Against AAACL, as Guarantor of the Brier Creek Note
Count XII - Breach of Contract Against AAACL, as Guarantor of the BC # 4 Note
Count XIII - Breach of Contract Against AAACL, as Guarantor of the BC # 6 Note
Count XIV - Breach of Contract Against AAACL and AAC Retail, as Guarantors of the CCLP Note
Count XV - Breach of Contract Against AAACL, as Guarantor of the SR at Brier Creek Note
Count XVI - Breach of Contract Against AAACL, as Guarantor of the SR at Whitehall Note
Count XVII - Breach of Contract Against AAACL, as Guarantor of the SR30C Note
Count XVIII - Breach of Contract Against AAACL, as Guarantor of the WHCC #4 Note
Count XIX - Breach of Contract Against AAACL, as Guarantor of the WHCC #5 Note
Count XX - Breach of Contract Against AAACL, as Guarantor of the WHCC #6 Note

which is not a question currently before the court.  Accordingly, BOA's motion to compel arbitration of Counterclaims 11 - 20 will be allowed.

### III.    BOA Counterclaim 21 against CCLP and AACCL

In the response to the motion for clarification, the debtor/plaintiffs conceded the arbitrability of this counterclaim as to AACCL, and pointed out that CCLP is now a debtor under chapter 11, such that at present the counterclaim against CCLP is stayed.  BOA's Counterclaim 21,[5] as to CCLP, seeks to assert a claim against a debtor.  Counterclaim 21 is, therefore, a statutorily and constitutionally core claim with respect to CCLP which this court may hear and determine.  The motion to compel arbitration of this claim will be denied as to CCLP and allowed as to AACCL.

For the foregoing reasons, the order of February 8, 2013, is supplemented to provide as follows:

The motion to compel arbitration of debtor/plaintiffs' Claim 15 is **ALLOWED**; the motion to compel arbitration of BOA's Counterclaims 11-20 is **ALLOWED**; and the motion to compel arbitration of BOA's Counterclaim 21 is **ALLOWED** as to AACCL and **DENIED** as to CCLP.

**SO ORDERED.**

**END OF DOCUMENT**

---

[5]Counterclaim 21 is set out in BOA's answer and counterclaims as follows:  Count XXI - Breach of Contract against AACCL and CCLP under the Letter of Credit Agreement.

5